IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KYNNEDI'RAE JOAN CHARLES, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-cv-153 (MTT) |
| ) | |
| GARY WAYNE CHAMBERS, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

After Defendants John C. Jump, John Wagner, Jr., and the City of Warner Robins moved for summary judgment on failure to serve grounds, pro se Plaintiff Kynnedi'rae Joan Charles moved for an extension of time to effect service.[1]  Docs. 36-2 at 7-8; 38-1 at 3-4.  Without waiting for the Court to rule on her motion, Charles properly served Wagner, and several non-party city officials.  Jump, Wagner, the City, and the city officials now move to dismiss Charles's second amended complaint for failure to timely serve.  Docs. 43; 52.  The defendants' motions to dismiss (Docs. 43; 52) are **GRANTED in part** and **DENIED in part**.  The Court construes Charles's service on non-party city officials as what it obviously was—Charles's attempts to serve the City, rather than what it obviously wasn't—an attempt to join additional parties.  Accordingly, the City of Warner Robins, in addition to Wagner who was also properly served, remain

---

[1] Charles's second amended complaint names five defendants: Robert Greene, Christopher Richard Scuderi, John C. Jump, John Wagner, Jr., and the City of Warner Robins.  Doc. 29.  There is no dispute that Charles properly served the defendants Greene and Scuderi.  Docs. 3-1; 3-2; 31 at 3.

in this case.  Because Charles never served Jump, timely or otherwise, Jump is dismissed.

## I. BACKGROUND

Charles, proceeding pro se, filed her initial complaint against officers Gary Wayne Chambers, Robert Greene, and Christopher Richard Scuderi—all police officers with the Warner Robins Police Department ("WRPD") in Houston County, Georgia. Doc. 1 at 1-2.  Charles alleged a variety of constitutional and state law claims that stemmed from an incident on November 7, 2020, when she called the WRPD to report her vehicle was being stolen "by a snatch-and-grab tow truck." *Id.* at 5-6.  When the police responded, Charles was forcibly removed from her vehicle and arrested. *Id.* at 6-10.

The three WRPD officers named in Charles's initial complaint—Chambers, Greene, and Scuderi—filed a timely answer on June 1, 2021.  Doc. 5.  That same day, Charles applied for default against all three defendants, which the Court denied because an answer was filed.  Docs. 8; 9; 10.  Charles also filed an "amendment" to her complaint, without leave of Court, and sought to add the City of Warner Robins Police Department as the fourth named defendant.  Docs. 6; 14.  Out of an abundance of caution and noting that Charles failed to seek leave of Court to amend her complaint as required by Federal Rule of Civil Procedure 15(a), the four defendants filed an answer to Charles's "first amended complaint" by special appearance.  Doc. 16.

The Court held a status conference on June 23, 2021.  During that conference, the Court explained discovery procedures, provided Charles a copy of Federal Rule of Civil Procedure 26, and granted Charles a 30-day stay before discovery commenced so

she could attempt to retain counsel.  Doc. 17.  Charles moved for appointment of counsel which the Court denied.  Docs. 13; 19.  Charles then retained counsel and appearances were entered on July 9, 2021.  Docs. 20; 21.  Through counsel, and on the last day allowed by the Court's scheduling order, Charles moved to amend her complaint (1) to drop Chambers as a defendant and any allegations against him; (2) to join Jump, Wagner, and the City of Warner Robins as defendants and add allegations pertaining to their conduct; and (3) to clarify her factual allegations and claims.  Docs. 18 at 2; 24 at 2.  Implicit in this motion, as acknowledged by Charles, was that her first "amendment" to add the City of Warner Robins Police Department was procedurally improper.  *Id.* at 1 (citing Doc. 16).  The Court granted Charles's motion to amend on November 10, 2021.  Doc. 27.

With Charles's motion to amend granted, but the second amended complaint yet to be filed or served, Charles's counsel moved to withdraw on November 23, 2021.  Doc. 28.  Charles consented to the withdrawal of her counsel, and on December 13, 2021, the Court granted Charles's counsels' motion.  Doc. 30.  Given the fact that Charles was once again proceeding pro se, the Court directed the Clerk of Court to file Charles's second amended complaint.  Doc. 29.  Greene, Scuderi, Jump, Wagner, and the City of Warner Robins answered on December 20, 2021.  Doc. 31.  In that answer, the defendants noted as their twelfth defense that there was insufficiency of service as to Jump, Wagner, and the City of Warner Robins.  *Id.* at 3.  With respect to defendants Greene and Scuderi—both named in Charles's initial complaint—there is no dispute that service was properly effected.  Docs. 3-1; 3-2.

After discovery closed, the defendants moved for summary judgment. Doc. 34; 35; 36. With respect to defendants Jump, Wagner, and the City of Warner Robins, the defendants' motion argues dismissal is warranted because "despite the passage of more than four months since the filing of Plaintiff's Second Amended Complaint," and despite the fact that "Defendants raised the defenses of insufficiency of service and service of process in their Answer to the Second Amended Complaint," Charles never effected service. Doc. 36-2 at 7-8.

Following the defendants' motion for summary judgment, the Court advised Charles of her duty to respond. Doc. 37. In Charles's response, she requested additional time to serve Jump, Wagner, and the City of Warner Robins. Doc. 38-1 at 3-4. Charles contends that she "was under the mistaken belief that her previous counsel had served these Defendants," and that when her counsel withdrew, she was not informed "additional service needed to be accomplished." *Id.* Rather than wait for the Court to rule on that motion, Charles served a variety of individuals to include Wagner, the Mayor, six city council members, and the city attorney. Docs. 44; 45; 47; 48; 49; 50; 51. Jump, however, was never served. Jump, Wagner, the City, and the non-party city officials now move to dismiss for failure to timely serve. Docs. 43; 52.

## II. DISCUSSION

Jump, Wagner, and the City argue Charles's second amended complaint must be dismissed for lack of timely service under Rule 4(m) because Charles has not shown good cause for her failure to serve. Docs. 36-2 at 7-8; 43; 52. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be

made within a specified time." Fed. R. Civ. P. 4(m).  But "[i]f the plaintiff shows good cause for failing to effect timely service, the district court must extend the time for service."  *Id.*  "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Leone-Dempsey v. Carroll Cnty., Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted) (alterations in original).  "Courts have likened good cause to the concept of 'excusable neglect' [under Rule 6(b)(1)(B)], which requires a showing of good faith and a reasonable basis for noncompliance with the time set forth in the rule."  *Pullins v. BI-LO Holdings, LLC,* 2016 WL 7217279, at *2 (S.D. Ga. Dec. 12, 2016) (collecting cases).

In this case, Charles did not serve her second amended complaint on Wagner and the City until June 2022, over five months after it was filed on December 6, 2021.  Docs. 29; 45; 46; 47; 48; 49; 50; 51.  But in response to the defendants' motion for summary judgment, where Jump, Wagner, and the City exclusively moved on failure to serve grounds, Charles explained that she was under the mistaken belief that her counsel, prior to their withdrawal, had properly served her second amended complaint after leave to amend was granted by the Court.  Doc. 38-1 at 3-4.  And while it is true that Jump, Wagner, and the City raised an "insufficiency of service and service of process" defense in their December 20, 2021, answer, that defense was the twelfth defense in a twenty-page filing.  Doc. 31 at 3.  In other words, cognizant of Charles's pro se status, the fact that Jump, Wagner, and the City raised an insufficiency of service in their answer does not make Charles's explanation for her failure to timely serve disingenuous.  Moreover, once Charles realized her mistake in May 2022, she sought to remedy it with haste.  Docs. 44; 45; 46; 47; 48; 49; 50; 51.  Charles served Wagner on

June 7, 2022, the city attorney on June 8, 2022, and a variety of city officials on June 22, 2022.  Docs. 44; 45; 46; 47; 48; 49; 50; 51.  The defendants don't contend that service was improper, only that it was late.  Because Charles has shown good cause for her failure to timely serve, any late service is excused.

### III. CONCLUSION

To the extent that Wagner and the City of Warner Robins seek dismissal on failure to serve grounds, that motion (Doc. 43) is **DENIED**.  Because Jump was never served, timely or otherwise, Jump's motion to dismiss on failure to serve grounds (Doc. 43) is **GRANTED**.  Finally, because the Court construes Charles's service on a variety of city officials as an effective effort to serve the City, the defendants' motions to dismiss (Docs. 43; 52) Mayor LaRhonda Patrick, city council members Mack, Bibb, Lashley, Lauritsen, Homes, and Curtis, and the city attorney Julia Mize, are **DENIED** because they are pointless.

**SO ORDERED**, this 11th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
