IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KYNNEDI'RAE JOAN CHARLES, ) ) ) Plaintiff, ) ) v. ) GARY WAYNE CHAMBERS, *et al.*, ) ) ) Defendants. ) ) | CIVIL ACTION NO. 5:21-cv-153 (MTT) |

## ORDER

Plaintiff Kynnedi'rae Joan Charles raises a variety of constitutional and state law claims that stem from her interaction with the Warner Robins Police Department ("WRPD") while her car was being towed. Doc. 29. Defendants Robert Greene, Christopher Richard Scuderi, John C. Jump, John Wagner, Jr., and the City of Warner Robins now move for summary judgment. Doc. 36. For the following reasons, the defendants' motion (Doc. 36) is **DENIED**.

### I. BACKGROUND

Charles, proceeding pro se, filed her initial complaint against officers Gary Wayne Chambers, Greene, and Scuderi—all police officers with the WRPD in Houston County, Georgia. Doc. 1 at 1-2. After retaining counsel, Charles moved to amend her complaint (1) to drop Chambers as a defendant; (2) to join Jump, Wagner, and the City of Warner Robins as defendants and add allegations pertaining to their conduct; and (3) to clarify her factual allegations and claims. Docs. 18 at 2; 24 at 2. The Court granted Charles's motion to amend, and shortly thereafter Charles's counsel withdrew from the

case.  Docs. 27; 30.  Given the fact that Charles was once again proceeding pro se, the Court directed the Clerk of Court to file Charles's second amended complaint.  Doc. 29.

As amended, Charles's complaint alleges excessive force and state law claims against Greene, Scuderi, and Jump, and supervisory liability claims against Wagner and the City of Warner Robins.  Doc. 29.  After a 60-day discovery extension was granted, the defendants moved for summary judgment on April 21, 2022.  Docs. 34; 35; 36.  Defendants Jump, Wagner, and the City of Warner Robins exclusively argue dismissal is warranted because Charles never effected service.  Doc. 36-2 at 7-8.  As to Greene and Scuderi, those defendants argue no illegal conduct occurred, and even if it did, qualified immunity bars Charles's constitutional claims and official immunity bars her state law claims.  Docs. 36-2 at 8-15.

Following the defendants' motion for summary judgment, the Court advised Charles of her duty to respond.  Doc. 37.  In Charles's response, she requested additional time to serve Jump, Wagner, and the City of Warner Robins.  Doc. 38-1 at 3-4.  Charles contended that Jump, Wagner, and the City were never served because she "was under the mistaken belief that her previous counsel had served these Defendants," and that when her counsel withdrew, she was not informed "additional service needed to be accomplished."  *Id.*  Rather than wait for the Court to rule on that request, Charles served Wagner, the Mayor, six city council members, and the city attorney.  Docs. 44; 45; 47; 48; 49; 50; 51.  Jump, however, was never served.  Jump, Wagner, the City, and the non-party city officials then moved to dismiss for failure to timely serve.  Docs. 43; 52.  Because Charles showed good cause for her failure to timely serve and subsequently effected service on Wagner and the City, the Court

denied the defendants' motion to dismiss.  Doc. 55.  As to Jump, the Court granted the defendants' motion because he was never served, timely or otherwise.  *Id*.

What's left, then, are Charles's supervisory liability claims against Wagner and the City, and Charles's excessive force and state law claims against Greene and Scuderi.[1]  Doc. 29.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'"  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'"  *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to

---

[1] Because the Court granted Jump's motion to dismiss on failure to serve grounds (Doc. 55), Jump's motion for summary judgment (Doc. 36) is **DENIED** as moot.

the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.] The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

Despite having over eight months to conduct discovery, the evidence marshalled by the defendants to support their motion for summary judgment consists only of affidavits from Greene and Scuderi, and medical records. Docs. 36-3; 36-4; 36-5. Charles, apparently, was never deposed. Charles, on the on other hand, submits her own affidavit, the title to her vehicle which she contends was wrongfully towed, medical records, and, significantly, two unauthenticated videos—body camera footage from a

WRPD officer's interaction with Charles and surveillance footage of the parking lot where the incident occurred.  Docs. 38-3; 38-6; 38-7; 38-8; 38-9; 38-10.

Putting aside the videos, the Court has diametrically opposed affidavits and briefs that are of little help.[2]  *See* Docs. 36-2; 36-3; 36-4; 38-1; 38-3.  Greene and Scuderi, based on their affidavits, attempt to argue qualified immunity, but given Charles's diametrically opposed affidavit, virtually no fact, at this point, is undisputed.  Had the defendants centered their argument on and precisely cited to authenticated video evidence, they might *could* prevail.  And had the City and Wagner moved for summary judgment based on the absence of evidence of any possible basis for supervisory liability, they might have prevailed for that reason as well.[3]  But it is not the Court's job to dig through what may or may not be properly authenticated evidence to try and figure out what happened.  Accordingly, the defendants' motion for summary judgment (Doc. 36) is **DENIED** without prejudice.

If the defendants think they can put together a coherent motion, they may refile.

## IV. CONCLUSION

For the reasons discussed, the defendants' motion for summary judgment (Doc. 36) is **DENIED** without prejudice.  The defendants shall refile their motion, if they wish to do so, by November 22, 2022.

**SO ORDERED**, this 12th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The defendants didn't bother to file a reply.

[3] The City and Wagner hang their hats on a failure to timely serve defense, an argument that is now moot given the Court's ruling that Charles's late service was excused.  Docs. 36-2 at 7-8; 55.